UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMERSON HILLARY,

        Petitioner,

v.                                   Case No. 2:02-CV-395-FTM-29DNF

JIMMY PREVATT, ET AL,

        Respondents.

_____/

**OPINION AND ORDER**

THIS CAUSE comes before the Court on Petitioner's undated Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. #1) received on August 1, 2002 ("Petition") (Doc. #1). Petitioner challenges a judgment of conviction entered on September 25, 1997, by the Twentieth Judicial Circuit Court in Lee County, Florida. The State filed a Response in opposition (Doc. #9) supported by exhibits (Doc. #11, cited as "Exhibit #"), to which Petitioner filed a Reply (Doc. #12). Upon review of the Petition, the Response, the exhibits, and Petitioner's Reply, the Court determines that habeas relief should be denied for the reasons set forth below.

**I.**

Petitioner was charged with Robbery with a Firearm, and Resisting an Officer Without Violence (Exhibit 1, p. 3). The State filed a habitual violent felony offender notice (Exhibit 1, p. 7). The case proceeded to trial, and counsel for Petitioner moved for

a judgment of acquittal on the grounds that a training pistol[1] was not a firearm within the meaning of the statute. The trial court denied the motion (Exhibit 1 , pp. 14, 142). Counsel renewed the motion after the defense rested and the motion was again denied (Exhibit 1, p. 168). Petitioner was found guilty of both offenses and sentenced to time served on the resisting arrest count, and sentenced as a habitual offender to a term of imprisonment for thirty years on the robbery count (Exhibit 1, pp. 20-25, 175).

Timely notice of appeal was filed (Exhibit 2). The State public defender filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the possible issues of whether Petitioner was properly sentenced as a habitual violent felony offender and whether an inoperable pistol could be considered a deadly weapon (Exhibit 2, p. 4). Petitioner filed a brief arguing that the "starter pistol" was not operable and therefore he could not be convicted of Robbery with a Deadly Weapon, and that the court erred in denying the motion for judgment of acquittal on that count (Exhibit 3). The State appellate court affirmed Petitioner's

---

[1]While Petitioner refers to the weapon used in the robbery as a "starter pistol," the testimony at trial established that the pistol was in fact a training pistol, which could be converted into an operable pistol (Exhibit 1, pp. 111, 112, 114, 135, 143). The law enforcement witnesses, the trial judge, and defense counsel refer to the weapon as a "training pistol," and the distinction was made between a starter pistol which is incapable of firing a projectile, and a training pistol which could be converted to fire a projectile (Id.; pp. 143-147). Whether that particular training pistol could be converted into an operable pistol was a factual determination to be made by the jury. Petitioner's reference to the training pistol as a starter pistol is therefore inaccurate.

conviction without a written opinion (Exhibit 6: <u>Hillary v. State</u>,

731 So.2d 662 (Fla. 2d DCA 1999)[Table Opinion]).

Petitioner then filed a Rule 3.850 motion in which raised the

following grounds:

<u>Ground one</u>

Trial counsel failed to move for a judgment of acquittal on
the basis of improper show-up identification procedures made by
authorities, which resulted in a denial of due process and an
absence of probable cause to arrest defendant (re-phrased for
clarity).

<u>Ground two</u>

Trial counsel failed to afford effective assistance to
defendant.

<u>Ground three</u>

Trial counsel failed to object to cumulative statements of the
State's witness.

<u>Ground four</u>

Trial court failed to sustain State's non-expert witness's
expert testimony after counsel's timely objection (re-phrased for
clarity).

<u>Ground five</u>

Trial court erred when it denied defendant a fair and
impartial trial when it let the jury decide if the gun was operable
based on the improper foundation and predicate laid by the State's
witness who was a non-expert.

<u>Ground six</u>

Trial counsel failed to impeach State's witness based on the
ground of bias, motive, or interest.

<u>Ground seven</u>

Trial counsel failed to object to State's witness testimony as
speculation which tainted the jury's mind to believe the same gun
defendant allegedly possessed was the same gun that was retrieved

from the building.

Ground eight

    Trial counsel was ineffective when she failed to object to double enhancement which is fundamental error and illegal sentence.

    The trial court denied the motion in a written order as follows:

    THIS CAUSE comes before the Court on Defendant's Motion for Postconviction Relief filed November 13, 2000, pursuant to Florida Rule of Criminal Procedure 3.850. After reviewing the Motion, the case file, the State's Response and the applicable law the Court finds as follows:

    1. The Defendant was charged and found guilty, by jury, of Robbery with a Firearm/Deadly Weapon in violation of Florida Statute 812.13, and Resisting and obstructing an Officer Without Violence in violation of Florida Statute 843.02.

    2. On August 20, 1997, the Defendant was adjudicated guilty on both charges, and sentenced to 273 days in Lee County Jail for the resisting an officer charge. Later, on September 25, 1997, the Defendant was sentenced on the robbery charge, pursuant to the Habitual Violent Offender Statute §775.084 to thirty (30) years with a minimum mandatory of fifteen (15) years in accordance with the Statute.

    3. The Defendant alleges the following eight grounds in his Motion for Postconviction Relief: 1) that trial counsel failed to move for judgment of acquittal regarding the victim's identification of the Defendant; 2) that trial counsel failed to argue attempted robbery based upon the fact that money was not taken from the victim, and the victim testified that she threw the money at the Defendant and ran; 3) that trial counsel failed to object to cumulative statements of the State's witness, Hamilton, concerning operability of the gun; 4) that the trial court failed to sustain objections by the trial counsel that the witness, Hamilton, was not qualified as a firearms expert; 5) that the trial court erred when it allowed the jury to decide if the gun was operable; 6) that trial counsel failed to impeach Witness Hamilton's testimony as biased; 7) that trial counsel failed to

4

object to Deputy Creghan's testimony as speculation; and, 8) that trial counsel was ineffective for failing to object to double enhancement of the Defendant's sentence.

4. As to the Defendant's first claim, that trial counsel failed to move for judgment of acquittal the Court finds the claim is without merit. Contrary to what the Defendant believes, counsel did move for judgment of acquittal concerning identification of the Defendant. (See trial transcript page 168-170 attached hereto). Therefore, the Defendant's allegations are conclusively refuted by the record.

5. As to the Defendant's second claim that trial counsel failed to argue attempted robbery the Court finds this claim is also without merit. The testimony of the victim, Debra Patterson, was that the Defendant pointed a gun at her, and her infant daughter, and repeatedly yelled "Give me your money." (See victim's trial testimony pages 11-12 attached hereto). The victim testified that she reached into the diaper bag, threw $150.00 at the Defendant, and then fled.

6. The record shows that defense counsel did argue, before the trial court, that under the circumstances no robbery took place. However, the trial court decided that there was sufficient evidence as to the issue of robbery to go to the jury. (See trial transcript pages 148-149 attached hereto). Therefore, the Defendant's allegation that trial counsel was ineffective for failing to argue that a robbery did not occur, is conclusively refuted by the record. Moreover, the record shows that the trial court did agree to give instruction on the lesser included offenses. (See trial transcript page 150 attached hereto).

7. As to the Defendant's third, fourth, fifth, and sixth claims which all concern the testimony of the State's witness, Detective/Agent Hamilton, and the operability of the gun, the Court finds that these claims are also without merit. The argument concerning the operability of the gun was made numerous times, during the trial (see trial transcript pages 135-138 attached hereto), on judgment of acquittal (see trial transcript pages 142-147 attached hereto), and on direct appeal (see Defendant's Appellate Brief attached hereto).

8. Also, case law provides that "under the statutory definition of "firearm," operability is not a

determinative fact." <u>Blackmon v. State</u>, 696 So.2d 918
(Fla. 1st DCA 1997). Furthermore, a recent Second
District case found "that the dangerous weapon issue was
properly submitted to the jury. <u>King v. State</u>[2], (2000
WL 1580375 (Fla. App.2 Dist.)).

9. Moreover, the Defendant's fourth claim is
conclusively refuted by the record. The record shows that
trial counsel did object to Witness Hamilton testifying
as a ballistics expert, and the trial court sustained the
objection. (See trial transcript pages 135-138 attached
hereto).

10. As to the Defendant's seventh claim, the Court
finds this too is without merit. Deputy Creghan testified
at trial concerning the chain of custody of the evidence
in the Defendant's case. (See trial transcript pages
71-80). Contrary to the Defendant's allegations, defense
counsel did question Deputy Creghan on cross examination
concerning the black bag.

> Q. "Did you see this black bag that you're
> talking about?"
> A. "Yes."
> Q. "Did you actually see it leave his custody
> and land five feet away?'
> A. "No, ma'am, I didn't." (T.p.93).

11. The record shows that defense counsel attempted
to bring out, on cross examination, that Deputy Creghan
was not always aware of the location of the black bag,
after that, it was an issue for the jury to decide.

12. As to the Defendant's final claim, the Court
finds this too is without merit. The Habitual Violent
Offender Statute §775.084(4)(b)(1) provides "In the case
of a life felony or a felony of the first degree, for
life, and such offender shall not be eligible for release
for 15 years." Fla. Stat. § 775.084(4)(b)(1)(1995). The
Defendant was correctly sentenced to thirty (30) years as
a habitual violent offender for violation of Florida
Statute § 812.13. <u>Chipp v. State</u>, 708 So.2d 607 (1998).
The statute requires that the Defendant serve a minimum
mandatory of fifteen (15) years. Therefore, contrary to
what the Defendant believes his sentence was not a
"double enhancement" and trial counsel had no legal

---

[2]<u>King v. State</u>, 779 So.2d 466 (Fla. 2d DCA 2000).

authority on which to base an objection.

13. In conclusion, in order for representation to be ineffective, the acts or omissions of the attorney have to be outside the broad range of "reasonably competent performance under prevailing professional standards." <u>Williams v. State</u>, 673 So.2d 960, 961 (Fla. 1st DCA 1996). Based upon the facts as alleged by the Defendant, none of the attorney's actions in this case were unreasonable or incompetent, and all of the Defendant's claims are either conclusively refuted by the record, procedurally barred, or facially insufficient.

14. Morever, none of trial counsel's actions presents a "clear [and] substantial deficiency" that so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined. <u>Id</u>. at 962. Accordingly, the Defendant has failed to establish his claim of ineffective counsel on all grounds.

Therefore, it is

ORDERED AND ADJUDGED that the Defendant's 3.850 Motion is DENIED on the merits. The Defendant may appeal this Order within thirty (30) days of its rendition.

DONE AND ORDERED in Chambers at Fort Myers, Lee County, Florida this 1st day of Mar._2001.

/S/
William J. Nelson Circuit Judge

(Exhibit 10). Petitioner appealed the denial, and the appellate court affirmed the State trial court order denying the Rule 3.850 motion (Exhibit 13; <u>Hillary v. State</u>, 819 So.2d 765 (Fla. 2d DCA 2002)[Table Opinion]).

## II.

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 538 U.S. 634, 638-639 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003), cert. denied, 540 U.S. 1155(2004); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be

said that the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 540 U.S. 12, 17 (2003); Clark, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is contrary to the clearly established precedent of the Supreme Court "'(1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.' Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir.2000) (citing Williams v. Taylor, 529 U.S. 362, 406, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000))." Stephens v. Hall, 407 F. 3d 1195, 1202 (11th Cir. 2005).  See also Vincent, 538 U.S. at 639; Andrade, 538 U.S. at 75-77.  A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Esparza, 540 U.S. at 16; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003), cert. denied, 540 U.S. 1222 (2004).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the

state court either unreasonably extends a legal principle from
Supreme Court precedent to a new context where it should not apply;
or unreasonably refuses to extend that principle to a new context
where it should apply. Bottoson, 234 F.3d at 531. The
"unreasonable application" inquiry requires the state court
decision to be more than incorrect or erroneous; it must be
objectively unreasonable. Andrade, 538 U.S. at 75-77; Williams,
529 U.S. at 409-10; Penry, 532 U.S. 782, 793; Woodford v. Visciotti
537 U.S. 19, 25 (2002); Esparza, 540 U.S. at 17-18; Vincent, 538
U.S. at 639.

Claims of ineffective assistance of counsel require analysis
under Strickland v. Washington, 466 U.S.668(1984) and the Court
must first determine that the proper standard was employed. The
next issue to be addressed is whether the state court's
adjudication of the issues was contrary to Strickland. In
Strickland, the Supreme Court established a two-part test for
determining whether a convicted person is entitled to habeas relief
on the ground that his or her counsel rendered ineffective
assistance: (1) whether counsel's representation was deficient,
i.e., "fell below an objective standard of reasonableness"; and (2)
whether the deficient performance prejudiced the defendant, i.e.,
there was a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been
different. Id. at 687-88; Williams v. Taylor, 529 U.S. 362 (2000).
The Supreme Court has required a petitioner to make sufficient

factual allegations of both <u>Strickland</u> prongs in order to be entitled to federal habeas relief. E.g., <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).

### III.

In the instant Petition, Petitioner raises nine[3] grounds for relief.

### Ground One

Petitioner claims he was denied his right to a fair trial and sentencing when the trial court erred by allowing a conviction for Robbery with a Deadly Weapon. This ground was argued by Petitioner in his pro se brief on direct appeal and is therefore exhausted. Petitioner would be "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 324(1979).

In this case a review of the record in the light most favorable to the prosecution demonstrates "that a rational factfinder could readily have found the petitioner guilty beyond a reasonable doubt" of Robbery with a Deadly Weapon under Florida law. <u>Id</u>. For this reason, relief is not available. The State submitted evidence and testimony at trial that Petitioner

---

[3]Although numbered 1-4, and 3-7 in his Petition, for purposes of clarity in this Order, the claims have been renumbered sequentially (1-4 remain 1-4, but the grounds originally numbered 3-7 have been renumbered as 5-9).

brandished a pistol that could be capable of firing a projectile while depriving the victim of her money against her will. Any factual disputes regarding whether the training pistol was capable of being converted into an operational pistol and whether a robbery actually took place were properly submitted to the jury. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In this instance, the answer is yes. Id. at 319. Relief is denied as to Ground One.

**Ground Two**

Petitioner claims he was denied his Fourteenth Amendment right when the trial court denied Petitioner's motion for judgment of acquittal on the armed robbery charge. This ground is exhausted, and will be denied for the same reasons Ground One, above, is denied.

**Ground Three**

Petitioner claims he was denied the effective assistance of trial counsel because counsel did not move for a judgment of acquittal on the basis of an improper show-up. This issue was raised as Ground Three in Petitioner's Rule 3.850 motion. The trial court rejected this allegation, explaining that "contrary to what the Defendant believes, counsel did move for judgment of acquittal concerning identification of the Defendant. (See trial transcript

page 168-170 attached hereto). Therefore, the Defendant's allegations are conclusively refuted by the record." It is evident that the correct standard was used in evaluating Petitioner's claims of ineffective assistance by the trial court in denying Petitioner's Rule 3.850 motion (see citation in "Order Denying Defendant's Rule 3.850 Motion" to Williams v. State, 673 So. 2d 960 (2d DCA 1996) which in turn cites to the Strickland standard) (Exhibit 10). The factual basis underlying Petitioner's claim of ineffective assistance was refuted by the record. The state court's determination that Petitioner's Sixth Amendment rights were not violated was not contrary to established federal law, was not objectively unreasonable, and was not based on an unreasonable determination of the facts. Relief is denied.

## Ground Four

Petitioner claims he was denied the effective assistance of counsel at trial because counsel failed to argue to the jury that no money was taken from the victim, rather, the victim threw the money at Petitioner and then she fled. This was raised in Petitioner's Rule 3.850 motion and rejected. The trial court found that "[t]he record shows that defense counsel did argue, before the trial court, that under the circumstances no robbery took place. However, the trial court decided that there was sufficient evidence as to the issue of robbery to go to the jury. (See trial transcript pages 148-149 attached hereto). Therefore, the Defendant's

allegation that trial counsel was ineffective for failing to argue that a robbery did not occur, is conclusively refuted by the record. Moreover, the record shows that the trial court did agree to give instruction on the lesser included offenses. (See trial transcript page 150 attached hereto)." Consequently there was no deficient performance and there could be no prejudice to Petitioner. The State court's determination that Petitioner's Sixth Amendment rights were not violated was not contrary to established federal law, was not objectively unreasonable, and was not based on an unreasonable determination of the facts.   Relief is denied.

**Ground Five**

Petitioner argues that trial counsel was ineffective when she failed to object to the cumulative testimony of the State's witness who testified the gun was could be fired. When raised in his Rule 3.850 motion, the trial court denied relief, stating: "The argument concerning the operability of the gun was made numerous times, during the trial (see trial transcript pages 135-138 attached hereto), on judgment of acquittal (see trial transcript pages 142-147 attached hereto), and on direct appeal (see Defendant's Appellate Brief attached hereto). . . . Moreover, the Defendant's fourth claim is conclusively refuted by the record. The record shows that trial counsel did object to Witness Hamilton testifying as a ballistics expert, and the trial court sustained the objection. (See trial transcript pages 135-138 attached hereto)."

As such, Petitioner demonstrates neither deficient performance nor prejudice. The State court's determination that Petitioner's Sixth Amendment rights were not violated was not contrary to established federal law, was not objectively unreasonable, and was not based on an unreasonable determination of the facts.  Therefore, relief is denied.

## Ground Six

Petitioner states he was denied effective assistance of counsel when defense counsel failed to impeach State witness Hamilton, the agent who testified regarding his opinion of the operability of the training pistol. Another State witness, Scowden, stated the pistol was a training pistol that had a plug in the barrel, but refused to speculate as to its potential to fire a projectile if modified (Exhibit 1, pp. 111-114). Petitioner feels he was denied effective assistance because defense counsel did not "move to impeach Agent Hamilton's testimony as being completely bias and prejudicial to Petitioner because Agent Hamilton was not qualified as an expert witness in that field." (Petition, p. 6d). For the reasons stated in Ground Five, above, relief is denied.

## Ground Seven

Petitioner complains counsel failed to object to the State's witness testimony "as mere speculation which tainted the minds of the jury to believe that the gun Petitioner alleged to have possessed was the same gun retrieved from the building." Petition,

p. 6e.  This claim was raised as in Petitioner's Rule 3.850 motion and relief was denied. The trial court explained that "[t]he record shows that defense counsel attempted to bring out, on cross examination, that Deputy Creghan was not always aware of the location of the black bag, after that, it was an issue for the jury to decide." Exhibit 10. This claim is therefore meritless; there was no deficient performance and there was no prejudice to Petitioner. The State court's determination that Petitioner's Sixth Amendment rights were not violated was not contrary to established federal law, was not objectively unreasonable, and was not based on an unreasonable determination of the facts. Relief is denied.

## Ground Eight

This ground repeats the claims regarding Agent Hamilton's testimony regarding operability of the pistol, to which counsel objected. For the reasons explained in Ground Five, above, relief is denied.

## Ground Nine

Petitioner alleges the "trial court erred when it denied Petitioner a fair and impartial trial when it let the jury decide if the gun was operable based on the improper foundation to qualify a State witness as an expert, denying Petitioner Due Process and the equal protection of the law." Petition, p. 6g). This is merely a repetition of claims previously addressed. Relief is denied.

16

**IV.**

_____Petitioner has not demonstrated he is entitled to federal habeas relief.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus is **DENIED.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** at Ft. Myers, Florida on this ___19th___ day of September, 2005.


                                        JOHN E. STEELE
                                        United States District Judge


Copies to:
Petitioner
Respondent
SA/as

17